**IN THE UNITED STATES DISTRICT COURT FOR**
**THE EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| 1. CARLOS CASALE, | ) |
|         Plaintiff, | ) |
| | )   16-CV-447-RAW |
| v. | )   CIV-2016- |
| | )   JURY TRIAL DEMANDED |
| 1. NFI NETWORK LOGISTIC | )   ATTORNEY LIEN CLAIMED |
|    SOLUTIONS, LLC, d/b/a NATIONAL | ) |
|    FREIGHT INDUSTRIES, | ) |
|         Defendant. | ) |

**COMPLAINT**

**COMES NOW THE PLAINTIFF** and for his causes of action herein alleges:

**PARTIES**

1. The Plaintiff is Carlos Casale, an adult resident of Muskogee County, Oklahoma.

2. The Defendant is NFI Network Logistic Solutions, LLC, d/b/a National Freight Industries, a foreign limited liability company doing business in Muskogee County, Oklahoma.

**JURISDICTION AND VENUE**

3. Plaintiff's claim is for race and national origin discrimination, including retaliation after Plaintiff complained of such discrimination, in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 1981, and the Oklahoma Anti-Discrimination Act; and age discrimination in violation of the Age Discrimination in Employment Act and the OADA. Jurisdiction over the federal claims is vested in this Court under 29 U.S.C. § 626(c); 42 U.S.C. § 2000e-5(f); and 28 U.S.C. § 1331. Because the state law claims arise out of the same core of facts, jurisdiction is vested over those claims under 28 U.S.C. § 1367(a).

4. All of the actions complained of occurred in Muskogee County, Oklahoma and the Defendant may be served in that county. Muskogee County is within the Eastern District of the United States District Courts for Oklahoma wherefore, venue is proper in this Court under 28 U.S.C. § 1391(b).

## STATEMENT OF FACTS

5. Defendant employed more than twenty (20) employees during at least twenty (20) weeks of each calendar year and was an employer under Title VII. There is no minimum employee requirement to be subject to the OADA or 42 U.S.C. § 1981.

6. The Plaintiff is an adult Hispanic male who was born in Mexico.

7. Plaintiff began working for the Defendant in April, 2009.

8. At all times of his employment the Plaintiff worked under the title of Shift Supervisor.

9. At all times Plaintiff was qualified for his job and performed satisfactorily.

10. Around January 15, 2015, the Plaintiff was transferred to the position of Repacking Supervisor, which is located in a different department.

11. Shannon Bell (white)(aged 30's or 40's)(Plant Manager, Plaintiff's supervisor) made the decision to transfer the Plaintiff to the new position.

12. After his transfer, Shannon Bell replaced Plaintiff's position of Shift Supervisor with a white employee in their mid-twenties.

13. Around this period another employee, Stephen Bell (white) was not performing his job duties, including making a mess of the warehouse by not discarding some contents of the warehouse, as required, and by throwing property around the warehouse.

14. Defendant instructed Plaintiff to clean up the mess and destruction caused by Stephen

Bell, even though such mess and destruction was caused by Mr. Bell and even though such clean up duties were the job of Mr. Bell and/or his subordinates.

15. In addition, Defendant continuously asked Plaintiff to perform more job duties than his white co-workers and requested Plaintiff clean up after his white co-workers.

16. Around May 22, 2015, the Plaintiff made a complaint of race and national origin discrimination to David Bailey (white)(Human Resources Supervisor).

17. Plaintiff was terminated/constructively discharged around June 29, 2015, by being forced to resign or have Defendant contest his unemployment compensation.

18. During the termination meeting, Plaintiff quipped sarcastically that he felt like Defendant believed he was getting too old to do his job. In response, Mr. Bailey said, "well, maybe you are getting too old."

19. After Plaintiff's termination he was replaced by Elizabeth Carter (white)(age 20's or 30's), who was at least ten years younger than the Plaintiff.

20. As a direct result of the Defendant's conduct, the Plaintiff has suffered, and continues to suffer, wage loss (including back, present and front pay along with the value of benefits associated with such wages) and emotional distress/dignitary harm, including worry, frustration, embarrassment, and similarly unpleasant feelings.

21. At the least, motivating factors in the decision to terminate the Plaintiff's employment include his race, national origin, age, or a combination of these factors.

22. Plaintiff has exhausted his administrative remedies by timely filing an EEOC charge of discrimination on November 9, 2015, and by amendment of such charge on March 16, 2016. The EEOC issued Plaintiff his right to sue letter on August 10, 2016, and the Plaintiff received such letter thereafter. This complaint is timely filed within

ninety (90) days of Plaintiff's receipt of his right to sue letter.

## COUNT I

For Plaintiff's first cause of action he incorporates the allegations set forth above and further provides that:

23. Discrimination on the basis of age is a violation of the ADEA and OADA.

24. Under this Count, Plaintiff is entitled to compensation for his lost wages (past, present and future including the value of benefits associated with such wages).

25. Under the OADA Plaintiff is entitled to an award of liquidated damages.

## COUNT II

Plaintiff incorporates the above facts and further alleges:

26. Discrimination on the basis of race and/or national origin (including retaliation after Plaintiff complained of such discrimination) is a violation of Title VII, the OADA and 42 U.S.C. § 1981.

27. Under this Count Plaintiff is entitled to compensation for his lost wages (past, present and future including the value of benefits associated with such wages), and emotional distress/dignitary harm damages.

28. Because the actions of the Defendants were willful, malicious or, at the least, in reckless disregard for Plaintiff's rights, Plaintiff is entitled to an ward of punitive damages under federal law. Plaintiff is entitled to liquidated damages under the OADA upon a finding of liability.

**WHEREFORE,** Plaintiff prays that he be granted judgment in his favor and against the Defendants on all of his claims and that this Court grant the Plaintiff all available compensatory damages, punitive damages, liquidated damages, pre- and post-judgment

interest, costs, attorneys' fees and any other legal or equitable relief allowed by law.

**RESPECTFULLY SUBMITTED THIS 14th DAY OF OCTOBER, 2016**.

HAMMONS, GOWENS & HURST

s/ Amber L. Hurst
Mark E. Hammons, OBA No. 3784
Amber L. Hurst OBA No. 21231
HAMMONS, GOWENS, HURST & ASSOC.
325 Dean A. McGee Avenue
Oklahoma City, Oklahoma 73102
Telephone:  (405) 235-6100
Facsimile:  (405) 235-6111
Email: amber@hammonslaw.com
*Counsel for Plaintiff*
JURY TRIAL DEMANDED
ATTORNEY'S LIEN CLAIMED